UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILMER VELASQUEZ, an individual,

    Plaintiff,

v.

CASE NO.:

ATLANTIC SEAFOOD CO. OF NAPLES, INC., a Florida corporation, d/b/a STEAMERS OF NAPLES, and BARRY LEBLANC, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, WILMER VELASQUEZ ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against the Defendants, ATLANTIC SEAFOOD COMPANY, INC., a Florida corporation, d/b/a STEAMERS OF NAPLES ("Defendant Steamers") and BARRY LEBLANC ("Defendant Leblanc") (collectively, "Defendants"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act (the "FLSA"), and alleges as follows:

### JURISDICTION

1. This is an action to recover damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. (Section 216 for jurisdictional placement) and Title 28 U.S.C. § 1337.

### PARTIES AND VENUE

2. Plaintiff is a resident of Collier County, Florida, and within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant Steamers is a Florida corporation that, at all times material hereto, had its principal place of business in Collier County, Florida and conducted business in Collier County, Florida.

4. Defendant Leblanc is a resident of Collier County, Florida and within the jurisdiction of this Honorable Court.

5. Defendant Leblanc is an owner, operator, and officer of Defendant Steamers and an employer of Plaintiff for purposes of the FLSA.

6. Defendants at all times material hereto were and are engaged in interstate commerce.

7. Plaintiff worked as a "cook" and cargo handler for Defendants in Florida.

8. Plaintiff was an employee of Defendants since 2012, and was continuously employed by Defendants within the last three (3) years, from approximately July 2017 through July 2020.

9. Defendant Steamers is a restaurant located in Naples, Florida.

## FLSA ENTERPRISE COVERAGE

10. At all material times (2017 – 2020), Defendant Steamers was an enterprise subject to the FLSA's provisions on minimum wage and overtime wages.

11. At all times material hereto, Defendant Steamers was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

12. At all material times (2017 – 2020), Defendant Steamers was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person (*i.e.*, foods, restaurant equipment, telephones, computers, pens, and paper).

13. Defendant Steamers engaged in interstate commerce because its employees ran credit card transactions and handled or otherwise worked with materials that had been moved in or produced for interstate commerce (*i.e.*, foods, restaurant equipment, telephones, computers, pens, and paper).

14. At all times material hereto, Plaintiff was an "employee" of Defendant Steamers within the meaning of the FLSA.

15. At all times material hereto, Defendant Steamers was and continues to be an "employer" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendant Steamers was in excess of $500,000.00 per annum during the relevant time period.

17. By reason of the foregoing, Defendant Steamers was and is, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. 203(s) and/or Plaintiff was engaged in interstate commerce on behalf of Defendant Steamers.  Defendant Steamer's business activities involve those to which the FLSA applies.

## GENERAL ALLEGATIONS

18. Plaintiff was employed by Defendants continuously from approximately 2012 through July 2020.

19. Plaintiff worked as a "cook" and cargo handler.

20. Plaintiff's job duties as a cook included, but were not limited to, preparing food for patrons.

21. As a cargo handler, Plaintiff was closely involved in the movement of interstate commerce. Plaintiff's duties included ordering, receiving, handling, and/or unpacking materials and goods which came from outside the state, and as such was subject to the individual coverage of the FLSA

by virtue of working in interstate commerce.

22. Plaintiff was paid at a rate of $15.00 per hour throughout his employment.

23. Plaintiff was a full-time employee.

24. Plaintiff did not have any authority to hire employees.

25. Plaintiff did not have any authority to fire employees.

26. Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance within his employment.

27. Plaintiff was assigned work by supervisors.

28. Plaintiff was assigned a set schedule by supervisors.

29. During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per work week during one or more weeks.

30. Plaintiff routinely worked approximately forty-two (42) overtime hours over and above forty (40) straight time hours per week.

31. Defendants knew or should have known of Plaintiff's schedule and hours worked each week.

32. Plaintiff was eligible to be paid overtime pay at time-and-one-half his regular rate.

33. Plaintiff was not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

34. As a result of Defendants' pay policy practice, Plaintiff was not paid overtime compensation for all of the overtime hours worked.

35. During the work day, Defendants would not permit Plaintiff, or similarly situated employees, to take any rest, bathroom, and/or meal breaks.

36. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts

required by the FLSA were willful.

37. During his employment, Plaintiff complained to Defendants regarding how he was paid but was ignored.

38. All conditions precedent to the filing of this suit have been completed or waived.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANT STEAMERS

39. Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

40. Plaintiff regularly worked in excess of forty (40) hours per week.

41. Plaintiff worked approximately forty (42) hours of overtime per week.

42. Plaintiff was not properly compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

43. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

44. At all times material hereto, Defendant Steamers failed, and continues to fail, to maintain proper times records as mandated by the FLSA.

45. Defendant Steamer's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per week, when it knew, or should have known, such compensation was, and remains due.

46. Defendant Steamers failed to properly disclose or apprise Plaintiff's rights under the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendant Steamers, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C.

§ 216(b).

49. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years back from the date of the filing of this Complaint.

50. At all times material hereto, Defendant Steamers failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

51. Defendant Steamers violated Title 29 U.S.C. § 207 for the relevant period of time in that:

   a. Plaintiff typically worked in excess of forty (40) hours per week during his employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant Steamers to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

   c. Defendant Steamers failed to maintain proper time records as mandated by the FLSA.

### COUNT II – RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT LEBLANC

52. Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

53. Plaintiff regularly worked in excess of forty (40) hours per week.

54. Plaintiff worked approximately forty (42) hours of overtime per week.

55. Plaintiff was not properly compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

56. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those

hours worked in excess of forty (40) hours.

57. At all times material hereto, Defendant Leblanc failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

58. Defendant Leblanc at all times material hereto was, and continues to be, an owner, officer, and operator of Defendant Steamers.

59. Defendant Leblanc was involved in the day-to-day operation of Defendant Steamers.

60. Defendant Leblanc had direct responsibility for the supervision of Plaintiff.

61. Defendant Leblanc had operational control of significant aspects of Defendant Steamers, including hiring and firing employees, setting schedules, setting business hours, and controlling employee compensation.

62. Defendant Leblanc's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by his failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per week, when he knew, or should have known, such compensation was, and remains due.

63. Defendant Leblanc failed to properly disclose or apprise Plaintiff's rights under the FLSA.

64. Due to the intentional, willful, and unlawful acts of Defendant Leblanc, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

65. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

66. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years back from the date of the filing of this Complaint.

67. At all times material hereto, Defendant Leblanc failed to comply with Title 29 and United

States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

68. Defendant Leblanc violated Title 29 U.S.C. § 207 for the relevant period of time in that:

   a. Plaintiff typically worked in excess of forty (40) hours per week during his employment with Defendant Leblanc;

   b. No payments, and provisions for payment, have been made by Defendant Leblanc to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

   c. Defendant Leblanc failed to maintain proper time records as mandated by the FLSA.

   **WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

   a) Enter judgment for Plaintiff against Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

   b) Award Plaintiff actual damages in the amount owed by Defendants as a result of their failure to pay time-and-one-half in overtime compensation for each hour worked in excess of forty weekly;

   c) Award Plaintiff an equal amount in double damages/liquidated damages;

   d) Award Plaintiff reasonable attorneys' fees and costs of suit; and

   e) Grant such other and further relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all counts so triable.

Dated this <u>31st</u> day of August, 2020.

                                                      **PEDRO L. SALIM LAW FIRM**
                                                      *Counsel for the Plaintiff*
                                                      2243 Cleveland Avenue
                                                      For Myers, Florida 33901
                                                      Telephone:     (239) 313-5637
                                                      Fax:                 (305) 396-8787
                                                      Primary e-mail: jorge@canamerolaw.com
                                                      Secondary e-mail: pedro@salimlawfirm.com

                                                      By:    <u>/s/ Jorge D. Canamero</u>
                                                             Jorge D. Canamero, Esq.
                                                             Florida Bar No. 84065